IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NEIL WALKER, # 095197          ) | |
| ) | |
| Petitioner,          ) | |
| ) | |
| v.          ) | Civil Action No. 1:08cv144-WHA |
| ) | (WO) |
| STATE OF ALABAMA, *et al.*,          ) | |
| ) | |
| Respondents.          ) | |

**ORDER ON MOTION**

On May 22, 2008 (Doc. No. 26), Petitioner filed a pleading self-styled as a "Motion Pursuant to Rule 24, Intervention." The court construes this pleading to be a *motion for leave to amend* Petitioner's 28 U.S.C. § 2241 petition for habeas corpus relief to assert a claim challenging the constitutionality of Petitioner's 1994 conviction for murder entered against him by the Circuit Court of Houston County, Alabama.

Petitioner is advised that the proper method for challenging the constitutionality of his 1994 murder conviction is through a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A state prisoner cannot evade the procedural requirements of [28 U.S.C.] § 2254 by filing something purporting to be a § 2241 petition." *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *see also Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003). Accordingly, this court must apply the procedural restrictions contained in 28 U.S.C. § 2254 to Petitioner's pleadings.

Petitioner has previously filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, which this court denied on the merits on April 4, 2003.  (*See* Civil Action No. 1:01cv1388-MEF, Doc. Nos. 71, 74, and 75.)   Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and (C).  *See, e.g., Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

Accordingly, should Petitioner seek to file a 28 U.S.C. § 2254 petition challenging the constitutionality of his 1994 murder conviction, he must first apply for and obtain an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.

For the reasons set forth above, it is

**ORDERED** that Petitioner's *motion for leave to amend* his 28 U.S.C. § 2241 petition (Doc. No. 26) is DENIED.

Done this 27th day of May, 2008.

                        /s/Wallace Capel, Jr.
                        WALLACE CAPEL, JR.
                        UNITED STATES MAGISTRATE JUDGE