IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NEIL WALKER, # 095197, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08cv144-WHA |
| | ) | (WO) |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Neil Walker ("Walker"), an Alabama prisoner proceeding *pro se*, has filed what this court construes to be a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) In his petition, Walker contends that the Alabama Board of Pardons and Paroles ("Parole Board") violated his due process rights by relying on false information in denying him parole. Walker also requests expungement of allegedly false information from his parole file. In addition, he seeks access to his parole file so that he can ascertain whether it contains false information. Upon review of the claims presented by Walker and in light of applicable federal law, this court concludes that Walker is not entitled to any relief through his instant petition.

## I.   BACKGROUND

In 1994, following a jury trial in the Circuit Court for Houston County, Alabama, Walker was convicted of the murder of Judy Ann Jett, a crime for which he was sentenced to life in prison. His conviction and sentence were upheld on direct appeal and in post-

conviction proceedings in the Alabama courts.  This court, in April 2003, denied Walker relief on a federal habeas petition he filed challenging the murder conviction.  (*See Walker v. State of Alabama, et al.*, Civil Action No. 1:01cv1383-MEF.)

In May 2006, the Parole Board considered Walker's case and, following a hearing, denied him parole.[1]  Walker then filed a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama, challenging the Parole Board's decision.[2]   In November 2006, the Montgomery Circuit Court dismissed Walker's petition.  Walker appealed that decision to the Alabama Court of Criminal Appeals, which affirmed the circuit court's judgment in an unpublished memorandum opinion issued on December 14, 2007.  Thereafter, Walker sought certiorari review in the Alabama Supreme Court.  On February 1, 2008, the Alabama Supreme Court  struck Walker's petition for writ of certiorari for failure to comply with Ala.R.App.P. 39.  (*See* Doc. No. 16, Exhs. A-G.)

Walker filed the instant habeas petition on February 20, 2008.

## II.   DISCUSSION

### A.     *Standard of Review for Habeas Claims Adjudicated in State Court*

Where a state prisoner's claim was adjudicated on the merits in state court, federal

---

[1]The Parole Board's decision denying Walker parole was issued on May 9, 2006.  At that time, the Parole Board scheduled Walker's next parole consideration for May 2011.

[2]Under Alabama law, the initial review of a decision by the Parole Board is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County.  *See Ex parte Alabama Bd. of Pardons and Paroles*, 849 So.2d 255, 257 (Ala. Crim. App. 2002); *Sellers v. State*, 586 So.2d 994 (Ala. Crim. App. 1991).

courts may not grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or unless a state court decision was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") also mandates deference to a state court's factual determinations unless the petitioner can rebut that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

B.   *Walker's "False Information" Claim*

Walker contends that the Parole Board relied on false information presented at the parole hearing and false information contained in his parole file to deny him parole.  (Doc. No. 1 at pp. 1-6; *see also* Doc. No. 23.)  According to Walker, Douglas Valeska, the state district attorney who prosecuted his case, and Lt. Donald Valenza of the Houston County Sheriff's Department testified falsely at his parole hearing by mischaracterizing the circumstances of his crime and emphasizing its heinousness in order to poison the minds of Parole Board members in their assessment of his suitability for parole.  Walker further alleges that his parole file contains false information about the circumstances of his crime, which he says also influenced the Parole Board's decision to deny him parole.  He argues that the Parole Board's reliance on the false information violated due process.[3]  (*See* Doc. Nos.

_____

[3]The court considers this ground for relief to allege a constitutional claim challenging the fact or length of Walker's custody; because Walker is in custody pursuant to the judgment of a state court, this claim is properly brought under 28 U.S.C. § 2254.  *See Thomas v. Crosby*, 371 F.3d 782, (continued...)

1 and 23.)

The Alabama parole statute[4] does not create a protected liberty interest in the expectation of parole. *See Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987); *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1983). Where there is no liberty interest in parole, "the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness." *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995) (quotations omitted).

However, even where there is no liberty interest in parole, a state parole board treats a prisoner "arbitrarily and capriciously," in violation of due process, if it relies upon false information to deny parole. *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991). In *Monroe*, the state parole board admitted it had, at least in part, relied upon a presentence investigation report that erroneously stated the defendant had raped his victim to deny parole and classify the defendant as a sexual offender. *Id*. at 1441-42. The Eleventh Circuit held that the parole board acted "arbitrarily and capriciously" in violation of due process when it knowingly relied on the false information. *Id*. at 1442. The court distinguished the facts of *Monroe* from the facts of an earlier case that held "prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole

---

[3](...continued)
785-88 (11th Cir. 2004) (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)). *See also Gwin v. Snow*, 870 F.2d 616, 624 (11th Cir. 1989).

[4]*See* § 15-22-26, Ala. Code 1975.

4

consideration." *See id.*; *cf. Slocum v. Georgia State Bd. of Pardons and Paroles,* 678 F.2d 940, 942 (11th Cir. 1982).   *Monroe*, therefore, established an exception for parole determinations that were *knowingly* made based on false information. *See* 932 F.2d at 1442. The court emphasized, however, that "federal courts should not interfere with the discretionary decisions of [a state parole] [b]oard 'absent flagrant or unauthorized action' by the [b]oard." *Id*. at 1441 (quoting *Thomas*, 691 F.2d at 489). *See also Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) ("prisoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim").

The Alabama Court of Criminal Appeals applied *Monroe* to Walker's case in determining that Walker failed to demonstrate a due process violation based on the use of false information by the Parole Board.  The relevant portion of the Alabama Court of Criminal Appeals' opinion reads as follows:

> In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the United States Court of Appeals for the Eleventh Circuit held that the Board's knowing reliance on admittedly false information to deny parole was arbitrary and capricious.  This Court has followed the holding in *Monroe v. Thigpen*; however, we have made it clear that "mere allegations in a petition for a writ of certiorari that the Board relied on false information are not sufficient" to state a claim for relief. *Henley v. Alabama Board of Pardons and Paroles*, 849 So.2d at 261. Additionally, this Court has held that the *Monroe v. Thigpen* exception to the Board's virtually unfettered discretion in granting or denial of parole applies only when the Board relies on information it knew to be false and the Board admits its reliance on such false information.  *See Henley v. Alabama Board of Pardons and Paroles*, 849 So.2d at 261; *Hill v. State*, 594 So.2d at 248. Accord *Johnson v. Rodriguez*, 110 F.3d 299, 309 n.13 (5th Cir. 1997) ("*Monroe* itself limits the 'right' which it uncovered to situations where the State admits the use of false information; a prisoner's allegations that false information was used to deny him parole is insufficient, in the absence of such

5

an admission, to state a claim."

Here, the Board explicitly denied being aware that any false information was contained in Walker's prison file or that any false information was presented during the parole hearing. The Board further denied relying on any information that it knew to be false. Accordingly, the *Monroe v. Thigpen* exception does not apply to this case. Additionally, Walker failed to present any evidence to support his claim. Although Walker attempted to support his claim with additional evidence presented to the circuit court, that evidence could not be considered because it was not a part of the agency's record. *See, e.g., Sanders v. City of Dothan*, 642 So.2d 437, 440 (Ala.1994). Walker's claim is nothing but a bare allegation, insufficient to state a claim for relief. *See, e.g., Bostwick v. Alabama Board of Pardons and Paroles*, 865 So. 2d 1245 (Ala. Crim. App. 2003). Therefore, Walker is not entitled to any relief on this ground.

Moreover, none of Walker's allegations actually involve "false" information. Walker's primary allegation of false information centered around a statement in his progress review form that Walker had shot his girlfriend, stabbed her several times, and set her body on fire. Walker claims that because the medical expert testified at trial that he could not determine the cause of death, the statement on the progress report, Walker says, is false. Because the victim's cause of death could not be determined does not render the purported facts false.

(Doc. No. 16, Exh. E at pp. 5-6.)

Walker does not point to any demonstrably false information presented at his parole hearing, or to any demonstrably false information contained in his parole file. Instead, he appears to seek to relitigate the issue of his guilt of the murder for which he was convicted, when he has already challenged that conviction through a previous § 2254 habeas petition filed in this court.[5] And while he protests, as inflammatory and prejudicial, the testimony of

---

[5]*See Walker v. State of Alabama, et al.*, Civil Action No. 1:01cv1383-MEF. To the extent Walker challenges his murder conviction, his petition is subject to dismissal as a successive habeas

(continued...)

Valeska and Lt. Valenza at his parole hearing, he fails to explain what part of such testimony was actually false.  In his petition, as he did in the state court, Walker makes much of the medical examiner's testimony at his criminal trial that he could not determine the victim's cause of death, when there was evidence indicating that Walker shot the victim, stabbed her several times, and set her body on fire.  However, the medical examiner's testimony does not exonerate Walker of the murder, nor does it undermine the evidence indicating that Walker shot, stabbed, burned, and intentionally caused the death of the victim.  Therefore, as the Alabama Court of Criminal Appeals found, the medical examiner's testimony does not render "false" the testimony at the parole hearing or statements in Walker's parole file concerning Walker's actions against the victim.  Moreover, the Parole Board specifically denied being aware that any false information was presented at the parole hearing or that any false information was contained in Walker's parole file.  The Parole Board further specifically denied relying on any information that it knew to be false when making its decision in Walker's case.  This court finds that the decision issued by the state court upholding the Parole Board's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(2).  Accordingly, Walker's right to due process was not violated, as he has failed to show that the Parole Board knowingly relied upon false

---

[5](...continued)
petition filed without an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.  *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

information in denying him parole.[6]  *See Monroe*, 932 F.2d at 1442.

## C.    *Expungement of False Information From, and Access To, Parole File*

Walker requests expungement of allegedly false information from his parole file and seeks access to his parole file so that he can ascertain whether it contains false information. (Doc. No. 1 at pp. 2 and 5-6.)  First, as indicated above, Walker does not establish the existence of any demonstrably false information in his parole file, and the Parole Board does not admit that any information in Walker's parole file is false.  Moreover, Walker offers no facts establishing that he has been injured and/or prejudiced by allegedly incorrect information contained in his parole file or that there is erroneous information in his parole file that the Parole Board relied upon to deny him parole.  In addition, it is well settled that "[t]he refusal of a parole board to allow an inmate to examine his file 'does not assume the proportions of a deprivation of his rights under the Constitution or the laws of the United States.'"[7] *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979) (citing *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974)).  Furthermore, a prisoner's "conclusory allegation" that his parole file contains false information, and that his denial of parole was based on false information, is insufficient to give the prisoner a due process right to examine his parole file as part of a

---

[6]Walker also asserts that the Parole Board does not intend to consider him for parole in the future, which would result, he says, in his serving a sentence of life without parole.  (Doc. No. 1 at pp. 3-4.)  This claim is frivolous, as the Parole Board has scheduled Walker's next parole consideration for May 2011.

[7]Walker's parole files are also privileged under state law.  *See* § 15-22-36(b), Ala. Code 1975; *see also Ex parte Alabama Bd. of Pardons and Paroles*, 814 So.2d 870, 872-73 (Ala. 2001).

8

"general fishing expedition" in search of false information that might exist. *See Slocum*, *supra*, 678 F.2d at 942. Finally, by his claims seeking expungement of information from, and access to, his parole file, Walker seeks relief that is proper under 42 U.S.C. § 1983 and not through a petition for habeas corpus relief. *See Gwin v. Snow*, 870 F.2d 616 (11th Cir. 1989). *See also Miller v. Nix*, [No. 08-15320] 2009 WL 2959684 (11th Cir. Sept. 17, 2009) (unpublished). Walker is not entitled to habeas relief based on these claims.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Walker be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before **December 2, 2009,** the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 19th day of November, 2009.


/s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE